UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - X

UNITED STATES OF AMERICA, : 23CR529(OEM)

Plaintiff,

-against- : United States Courthouse
: Brooklyn, New York

MODIBO WILLIAMS,

Defendant. : Wednesday, March 13, 2024
: 11:00 a.m.

- - - - - - - - - - - - - - X

TRANSCRIPT OF CRIMINAL CAUSE FOR A STATUS CONFERENCE
BEFORE THE HONORABLE ORELIA E. MERCHANT
UNITED STATES DISTRICT JUDGE

A P P E A R A N C E S:

For the Government: UNITED STATES ATTORNEY'S OFFICE
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201
BY: AMANDA SHAMI, ESQ.
Assistant United States Attorney

For the Defendant: FEDERAL DEFENDERS OF NEW YORK
One Pierrepont Plaza, 16th Floor
Brooklyn, New York 11201
BY: BENJAMIN ZEV YASTER, ESQ.

Court Reporter: **SOPHIE NOLAN**
225 Cadman Plaza East/Brooklyn, NY 11201
**NolanEDNY@aol.com**

*Proceedings recorded by mechanical stenography, transcript produced by Computer-Aided Transcription*

(In open court.)

(The Hon. ORELIA E. MERCHANT, presiding.)

(Defendant present.)

THE COURTROOM DEPUTY: This is a criminal cause for a status conference in the matter of *U.S. v. Williams*, docket 23-CR-0529.

Counsel, please state your appearance for the record starting with the Government.

MS. SHAMI: Good morning, Your Honor. Amanda Shami with the US Attorney's Office.

THE COURT: Good morning.

MR. YASTER: Good morning, Your Honor. Federal Defenders by Benjamin Yaster on behalf of Mobido Williams seated to my right.

THE COURT: Good morning.

THE DEFENDANT: Good morning.

THE COURT: We're here today at the second status conference in this matter and since we were last here on January 30th, the Court granted an unopposed motion to modify conditions of release for Mr. Williams and last week the Court granted a consent motion to modify conditions with regards to an interview that Mr. Williams had scheduled or being able to attend stationary employment interviews.

Is there anything else that the Court should be aware of at this time in terms of the history of the case

since our last meeting?

MS. SHAMI: I think there are some updates for Your Honor's consideration. Defense counsel and the Government have been in contact regarding the plea offer which expired on Monday. In terms of next steps, the Government is in the same position in terms of Rule 16 discovery, which is it is current with all discovery, minus 3500 material that will be provided closer to trial with the exception of DNA analysis that the Government is still waiting on from OCME. Once we have that -- I will turn it over once I receive it.

I understand from defense counsel that defense counsel intends to make at least one motion and, so, the Government and defense counsel would seek a motion schedule and, in general, given the status of the matter, the Government would submit that the Court can set a trial date that contemplates additional pretrial motions, given that the fact of the matter is fairly straight forward and the Government would be able to proffer the number of witnesses and how long it expects to need to put on its case-in-chief.

THE COURT: In terms of maybe you can speak to both the schedule perhaps that you proposed with regard to anticipated motions and also what you had in mind in terms of timing at the trial date.

MR. YASTER: If it's okay, I can speak to the motion schedule since it's our motions.

THE COURT: Certainly.

MR. YASTER: The proposed motion is a motion to dismiss the sole count in the indictment under the Supreme Court's *Bruen* decision.

THE COURT: I am familiar with it.

MR. YASTER: Very good. We would request approximately three weeks to file the motion. The Government should receive, say, three weeks to respond, we would want one week to reply. So that's a seven-week briefing schedule.

THE COURT: You anticipate making your motion by when?

MR. YASTER: In three weeks.

THE COURT: In three weeks.

MR. YASTER: So a seven-week briefing schedule. And then we would propose setting a status conference date for after the motion schedule is completed.

THE COURT: Is that schedule amenable to the Government, three weeks to respond?

MS. SHAMI: Sure. Yes, that's totally fine. Thank you.

THE COURT: So then go ahead and I'll include in the entry for this case the schedule that I will order with regard to the defense motion to dismiss the sole count of the indictment.

Ms. Lubin, can you give me the dates three weeks

from now?

I have it. That would be April 3rd?

MR. YASTER: That's right.

THE COURT: So, the defense motion is due by on or before April 3, 2024. The Government's opposition papers are due on or before April 24, 2024.

And you said you need one week to reply to that?

MR. YASTER: That should be enough.

THE COURT: And so that will bring us to May 1st for the defense reply on that motion. And then the parties are seeking a status conference shortly after that filing of that motion.

MR. YASTER: That's correct, Your Honor. In full candor, I think once this motion is resolved I think the rest of the case is likely to follow with it. And what I would propose instead of setting a trial date today, I think it would be a better timing to set it at the next status conference once the papers have been filed and once potentially the motion has been adjudicated.

THE COURT: Okay. So let's set a status conference for May 8th at 11 a.m.

MR. YASTER: That works for the defense.

MS. SHAMI: One moment, Your Honor.

That works for the Government.

THE COURT: Okay. So that will be the time for the

next conference. I'm just curious, are you able to preview at all your motion?

MR. YASTER: So, I expect, and don't hold me to this --

THE COURT: I absolutely will not. I'm just intrigued.

MR. YASTER: What I expect is that it's going to be a two-pronged claim. The first would be a facial challenge to 922(g). The second would be an as-applied challenge to Mr. Williams who does have prior felony convictions but for nonviolent drug offenses.

THE COURT: And the *Bruen* case application?

MR. YASTER: So the reason *Bruen* matters is that in that decision the Supreme Court changed the analysis for how a Second Amendment challenge should be adjudicated and whereas before Second Amendment challenges required a demonstration that there was a historical tradition for a law and also that there was -- that it's reasonable, that there's a means. The Supreme Court said we only look at if there's in historical tradition for the challenge, regulation of firearms here being 922(g).

*Bruen* also clarified what the historical analysis should be and made clear that for a regulation of firearms to be legal, there has to be an analog going back in history to roughly the time of the enactment of the Second Amendment. I

guess leading up to the early to mid-19th century. And the argument that's been put forward in challenges to 922(g) is that there's not a similar prohibition of felons possessing firearms from that period of time.

THE COURT: Interesting. Okay. I look forward to the papers. I don't know if you had anything off-the-cuff that you would like to say in response.

MS. SHAMI: Not at this time, Your Honor. I think the Government will wait to receive the motion and the arguments in there and respond accordingly.

THE COURT: With regard to the exclusion of time, is there an application in that regard?

MS. SHAMI: Yes, Your Honor. There would be an application jointly made by defense counsel and the Government to exclude time, both to allow defense counsel and the Government to engage in motion practice and also to hopefully complete Rule 16 discovery at least as to what is currently expected by the Government to be received.

THE COURT: Okay.

MR. YASTER: We join. I'll need time to prepare the motion and we would ask for the Speedy Trial time to be excluded through May 8th.

THE COURT: I concur in the interest of justice that it would be -- the ends of justice would be served by excluding the time until the date of the next status

conference, which is May 8th, and that interest outweighs any interest the parties might have or the public in a more speedy or expedited schedule in this matter and I order that that time be excluded.

Is there anything else that the parties have that they would like to raise at this time?

MS. SHAMI: I don't think there's anything else from the Government.

MR. YASTER: Nothing for Mr. Williams. Thank you, Your Honor.

THE COURT: With that, we stand adjourned. Thank you very much.

(Matter adjourned.)

- ooOoo -